44048. HOWINGTON v. METROPOLITAN STATE BANK et al.

44051. MICHALOVE v. METROPOLITAN STATE BANK et al.

44052. LEWIS v. METROPOLITAN STATE BANK et al.

Eberhardt, Judge. On April 17, 1967, Georgia-Carolina Leasing Company, a corporation engaged in the business of leasing automobiles, leased a 1967 Pontiac to Leonard Michalove. The lease agreement, reciting consideration of the loan of $8,500 from Michalove to the Leasing Company, evidenced by a non-interest-bearing promissory note of even date from the company to Michalove, provided, inter alia, that Michalove would be furnished for his use any automobile selected by him not to exceed a list price of $5,500; that title to the automobile would remain in the Leasing Com-

pany; that the agreement could be terminated at any time upon a 120-day written notice by either party and upon certain other contingencies, in which event the automobile would be returned and the note paid; that as long as the agreement remained in effect Michalove would receive a new automobile each year as the new models came out provided the old automobile was redelivered to the company; that in the event the Leasing Company ceased its business activities Michalove, at his option, would be furnished a clear title to the automobile and he in turn would credit the company's note with the current market value of the automobile as established by a dependable used car guide; and that the company would not assign or otherwise convey title to any automobile subject to the agreement. Upon the execution of the agreement and note the company on the same date delivered a new 1967 Pontiac automobile to Michalove.

Thereafter, on April 25, 1967, the company borrowed money on the Pontiac which had been delivered to Michalove and executed a security bill of sale to Metropolitan State Bank, whose officers knew that it was financing the inventory of the Leasing Company and that the automobiles would be leased to someone. On July 12, 1967, a Georgia certificate of title was issued to the company for the Pontiac showing the bank as the first lienholder. Subsequently the company closed its business and filed its voluntary petition in bankruptcy. The bank sought to foreclose its security agreement, and when the Pontiac was levied upon Michalove interposed his claim. The bank moved for summary judgment which the trial court granted, and Michalove appeals. There is no material difference in the facts or status of the other cases. *Held:*

Since the lease agreement and transfer of possession to the lessee of the automobile in question in each of these cases predates the bank's loan and security agreement, the bank's security interest could attach only to the extent of the interest of the leasing company; and under the ruling in *First Nat. Bank &c. Co. v. Smithloff*, 119 Ga. App. 284 (4, 5) the judgment granting the bank's motions for summary judgment must be

*Reversed. Felton, C. J., and Whitman, J., concur.*

ARGUED NOVEMBER 7, 1968—DECIDED MARCH 13, 1969—
REHEARING DENIED MARCH 28, 1969—

*Sanders, Hester, Holley, Ashmore & Boozer, Richard A. Slaby,* for Howington.

*Cumming, Nixon, Eve, Waller & Capers, O. Palmour Hollis,* for Michalove and Lewis.

*Thurmond & McElmurray, Ben Swain McElmurray, Jr.,* for Metropolitan State Bank.